Moncure, P.
I am of opinion that the contract of the 26th day of August 1862, between the appellant James Sanders and the appellee li. L, Branson, for the sale of a tract of land by the former to the latter, as in the proceedings'mentioned, “ was, according to the true understanding and agreement of the parties/to be fulfilled or performed in Confederate States treasury notes,orwasentered into with reference to such notes as a standard of value,” within the intent and meaning of the act passed March 3, 1866, entitled “An act providing for the adjustment of liabilities arising under contracts and wills made between the 1st day of Jauuary 1862, and the 10th day of April 1865,” Acts of Assembly 1865-6, chap. 71, p. 184 ; and of the act amendatory thereof, passed February 28,1867, Acts of Assembly 1866’-7, chap. 270, p. 694. Confederate States treasury notes were almost the only, if not the only, currency in circulation at the date of the contract, and a presumption of fact would arise from that circumstance alone, in the absence of anything tending to show the contrary, that the dealing of the parties was in reference to that standard of value. But the presumption is supported in this case by the fact, that the contract price of the land, $4,000, bore about the same proportion to the specie value of the laud at the time of the contract, the highest estimate of which was $3,000, that the value of Confederate States treasury notes then bore to specie; and also by the evidence of witnesses for the vendor, who were present when the contract was entered into, or when the bonds were given, and who state, that though nothing was then said about the kind of money in which the bonds were to be paid, they con *367 sidered that payment was intended to he made in Confederate States treasury notes.
I am further of opinion, that under all the circumstances of this case, the amount due upon the bonds in controversy should be ascertained, not by scaling the nominal amount of the bonds, in the mode and manner prescribed by section 2 of the said act of March 3, 1866, but by regarding the fair value of the property sold at the time of the sale, as the value in good money of the consideration agreed to be paid for it, according to the mode of adjustment prescribed by the proviso embodied in section 1 of the said act of February 28, 1867; and that the amount which may appear to be due upon the said bonds according to the standard of value afforded by the proviso aforesaid, “ would be the most just measure of recovery” in this case. That the mode of adjustment provided by the latter act is constitutional, that it generally affords the most just measure of recovery where it applies, and that it does so in such a case as this, is clearly shown by my Brother Christian, in an opinion delivered in Pharis v. Dice, 21 Gratt. p. 303, in which all the other judges concurred. See also Carter v. Ragland, Id. 574, and Meredith, &c., v. Salmon, Id. 762.
I am further of opinion, that the appellee, Branson, is entitled to relief as aforesaid in this suit; which is a suit in equity brought by him under section 4 of the said act of March 3, 1866. That section provides, that “ in any case wherein it shall appear, that on any contract made, or liability incurred, on or after the 1st day of January 1862, and before the 10th day of April 1865, the debtor, on or after the maturity of the claim against him, and within the period above mentioned, made to the creditor, his agent or attorney at law, a bona fide and actual tender of the amount due, in the said Confederate States treasury notes, or other equal or better currency, and that the creditor then refused to accept the same, a court of equity may grant relief to the debtor unless it *368 appear that the creditor was justified in refusing to accept the amount tendered in consequence of a substantial and decided depreciation of such currency after the time at which payment ought to have been made, and before the time at which the tender was made, or unless it otherwise appear to be inequitable to grant such relief.” The appellee averred in his bill that he tendered the amounts of the bonds on which the judgment was obtained to the appellant on or about the dates on which they became due, and that the appellant refused to receive the tender. And the appellee proved that such a tender was made, but not until October 1864, which was long after the last of the said bonds became payable, and when there had been, since that period, a very substantial and decided depreciation of the currency. The Circuit court therefore decreed that the complainant was not entitled to be wholly discharged by reason of such tender; but that court further decreed that the defendant (the appellant) recover of the complainant (the appellee) the sum of $258.75, being the scaled value of the said two bonds at the time they respectively became due and payable, with interest on $225, part thereof, from the 1st day of January 1863, and on $33.75, the residue thereof, from the 1st day of January 1864. I think the Circuit court had jurisdiction to grant such relief in the suit as was equitable and just. The complainant properly came into eourt for relief against the judgment. It does’not appear, and it is not pretended, that the tender was made and. averred in the bill for the purpose of giving the court jurisdiction of the case. The tender was a real and not a colorable transaction; and the complainant had a right, under the said 4th section of the act of March 3, 1866, to go into equity upon that ground. But though he prayed for relief against the whole claim, he did not confine his prayer to that. He further prayed for “such other and general relief as is consistent with equity and adapted to his case.” The Circuit-court, after refusing *369 to relieve against the whole claim, had a right, both on the ease stated in the bill and the prayer for general relief, to give such relief as was equitable and just. The court, having properly obtained jurisdiction of the case, could go on to do complete justice between the parties. I think the court did not err in deciding that the complainant is not entitled to be wholly discharged from the claim by reason of thedender aforesaid. But I think the court erred in decreeing against the complainant only the scaled value of the bonds aforesaid; and that, instead of doing so, the court ought to have decreed against him for such sum of money and interest as would be due, regarding the fair value of the property sold as the standard by which the amount due upon the bonds is to be ascertained; according to the rule furnished by the proviso in section 1 of the act of February 28, 1867, aforesaid.
I am therefore of opinion that the said decree is erroneous, and ought to be reversed, and the cause remanded for further proceedings to be had therein in conformity with the foregoing opinion.
Christian, Staples and Anderson, Js,, concurred la the opinion of Moncure, P.
Bouldin,'J., dissented.
Decree reversed.