Moncure, P.
delivered the opinion of the court. After stating the case, he proceeded:
If the debtors had not made their defence in the action at law agasnst them upon their bonds, in pursuance of sections 1 and 2 of the acts passed March 3, 1866, (acts of 1865-6, p. 184,) and February 28, 1867, (acts of 1866-7, p. 694,) commonly called the adjustment acts, they might still have applied to a court of equity for relief, under the 4th section of the said act passed March 3, 1866, according to the case of Sanders v. Branson, 22 Gratt. 364. But whatever may have been the measure of the relief to which they would have been entitled in a court of equity, under the said 4th section, a question which it is' not necessary now to decide, they were entitled only to an election between the two remedies, and certainly had not a right to resort to both. They availed themselves of them legal remedy, by making their defence in the action at law upon the bonds. And the jury sustained their defence, by reducing the demand against them from its nominal amount of $5,193, to the sum of $3,000 in good money; for which latter sum, with interest from the 29th day of December 1863, they rendered a verdict; and judgment was given accordingly. If they were dissatisfied with the relief they obtained in the court of law, they ought to have ap *524 pealed from the judgment of that court. Instead of doing so, they did not even except to any opinion given • by the court in that action. When the stay law was about to expire, and the debtors apprehended that an execution would be issued against them upon the judgment, they applied to a court of equity for relief, under the 4th section of -the act of March 8, 1866, and obtained an injunction of the judgment. In other words, having been once relieved in a court of law, they applied to be relieved again in a court of equity—that is, for double relief. We think they had no right to such relief in a court of equity. They only complain in their bill, that in the action at law, the debt was scaled to its true value, as of the date of the bouds, and not as of the time of their maturity, as, they say, should have been done, “ by law and the decisions of the Supreme court of appeals of the State.” ISTow, it appears from the evidence in the cause, that the debt was not, in fact, scaled to its true value as of the date of the bonds; but the jury thought, that under all the circumstances, the fair value of the property sold, would be the most just measure of recovery in the action; and therefore adopted that principle as the measure of the recovery, in pursuance of the proviso contained in the first section of the said act of February 28,1867. But whatever, and however erroneous, the principle adopted by the jury may have been, the judgment in the action at law cannot be questioned in this collateral way, but is conclusive until reversed by an appellate court.
We are of opinion that the said injunction was properly dissolved, and that there is no error in the decree of the Circuit court.
Decree affirmed.